```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

THOMAS W. BOYDE, IV,

        Petitioner,        **No. 10-CV-6399(MAT)**
                                                  **DECISION AND ORDER**

    -vs-

DAVID M. UNGER - Superintendent,

        Respondent.

_____

**I.  Introduction**

Pro se petitioner Thomas W. Boyde, IV ("Boyde" or "Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his conviction, following a guilty plea on January 8, 2008, in New York State Supreme Court (Monroe County) on two counts of Insurance Fraud in the Third Degree (N.Y. Penal Law § 176.20).

**II.  Factual Background and Procedural History**

Boyde's guilty plea stems from his involvement in a scheme, conducted from about June 2002, until November 2005, to defraud his insurance company. Boyde, who owned and operated an escort service in Monroe County, staged car accidents with the help of his employees. At Boyde's direction, certain employees rented trucks with his money and then used those trucks to crash into various vehicles owned by Boyde. The employees received remuneration from Boyde for participating in this scam. After each "accident", Boyde submitted fraudulent insurance claims and secured payment for the

-1-

"damages" arising therefrom. Boyde's scheme was eventually discovered, and he was indicted for a total of 19 crimes, including insurance fraud, falsifying business records, grand larceny, and engaging in a scheme to defraud.

Boyde chose to enter a guilty plea to avoid a lengthy sentence which could have been enhanced by his adjudication as a persistent felony offender. On January 8, 2008, Boyde entered a guilty plea to two counts of Insurance Fraud in the Third Degree (N.Y. Penal Law § 176.20), in full satisfaction of the 19-count indictment. He was sentenced as a second felony offender, which authorized imposition of a less severe sentence than if he had been adjudicated as a persistent felony offender. He received two consecutive terms of 2½ to 5 years in state prison, for an aggregate term of 5 to 10 years.

Before perfecting his direct appeal, Boyde submitted a pro se motion pursuant to New York Criminal Procedure Law ("C.P.L.") §§ 440.10 and 440.20 attacking his conviction and sentence. That motion was summarily denied on April 29, 2009, with leave to appeal also being denied.

Boyde then perfected his direct appeal. The Appellate Division, Fourth Department, unanimously affirmed the conviction on March 19, 2010. The New York Court of Appeals denied leave to appeal on June 24, 2010.

This timely habeas petition followed. For the reasons set forth below, the petition is dismissed.

**III. Jurisdiction**

    **A.    The Habeas Statute's "In Custody" Requirement**

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 491 (1989) (quotation omitted) (citing 28 U.S.C. § 2254(a) (emphasis in original)). On March 2, 2011, while this petition was pending, Petitioner was released on parole. However, Boyde was incarcerated when he filed the instant petition, and he thus meets the "in custody" requirement of the habeas statute. Carafas v. LaVallee, 391 U.S. 234, 238 (1968).

    **B.    Mootness**

Boyde's release to parole supervision raises the question of whether the petition satisfies Article III, § 2 of the U.S. Constitution, by presenting a live "case or controversy." E.g., Spencer v. Kemna, 523 U.S. 1, 7 (1998). "[W]here the issues presented by a party in an action are no longer 'live,' or the party lacks a legally cognizable interest in the outcome, the federal action is properly dismissed as moot." City of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000). When a term of imprisonment has expired, "some concrete and continuing injury other than the now-ended incarceration or parole-some collateral consequence of

the conviction-must exist if the suit is to be maintained." Spencer, 523 U.S. at 7.

In Sibron v. New York, 392 U.S. 40 (1968), the United States Supreme Court determined that collateral consequences are presumed to attach to criminal convictions post-release. Id. at 54-56; accord, e.g., Perez v. Greiner, 296 F.3d 123, 125 (2d Cir. 2002). Following Sibron, the Second Circuit held that "a habeas petition challenging a criminal conviction is rendered moot by a release from imprisonment only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." Perez, 296 F.3d at 125 (internal citations omitted).

At the present time, Boyde continues to bear certain adverse collateral consequences from his criminal conviction in terms of continuing restraints on his liberty, including being subject to supervision by the New York State Division of Parole. Therefore, the Court concludes that the petition is not moot.

**IV. Analysis of the Petition**

   **A.   Ineffective Assistance of Trial Counsel**

The Supreme Court has held that the two-part Strickland v. Washington 466 U.S. 668 (1984) test applies to challenges to guilty pleas based on ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 56 (1985). To establish an ineffective assistance claim within the context of a guilty plea, a petitioner must show that his counsel's constitutionally ineffective performance

affected the outcome of the plea process such that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id.

"A defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea. 'He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [acceptable] standards.'" United States v. Coffin, 76 F.3d 494, 497 (2d Cir. 1996) (quoting Tollett v. Henderson, 411 U.S. 258, 267 (1973) (alteration in original)).

### 1. Failure to Investigate Conflict of Interest at Grand Jury Proceeding

Boyde contends that trial counsel was ineffective in failing to investigate his allegations that the prosecuting assistant district attorney was "personally and intimately involved with a Grand Jury witness," "an escort who worked for the Petitioner's wife's escort service." Boyde is barred from raising this ineffective assistance of counsel claim on habeas review because he waived it by pleading guilty.

In Tollett, the Supreme Court held that

> a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

411 U.S. at 267. The focus of a federal habeas inquiry in a case involving a guilty plea is "the voluntariness of the plea, not the existence . . . of an antecedent constitutional infirmity." Id. As a consequence, an unconditional guilty plea waives all claims of ineffective assistance of counsel relating to events prior to the guilty plea that did not affect the voluntariness of the plea. Id.

This instance of ineffective assistance occurred prior to the entry of Boyde's guilty plea and does not implicate the validity of the plea itself. Since Boyde has failed to establish that his guilty plea was involuntary, this claim has been waived. See, e.g., Vasquez v. Parrott, 397 F. Supp.2d 452, 464 (S.D.N.Y. 2005) ("The petitioner's unconditional guilty plea waives the separate claim that he was denied effective assistance of counsel because of his counsel's failure to support the second speedy trial motion, because that motion did not relate to the character of his guilty plea.").

Furthermore, district courts in this Circuit have held that a petitioner's guilty plea cures any possible deficiency in the grand jury proceeding. Hutchings v. Herbert, 260 F. Supp.2d 571, 577-78 (W.D.N.Y. 2003) ("Since Hutchings admitted to all of the factual elements of the charge against him by entering a plea of guilty, any error in the proceeding which led to his indictment is rendered harmless and is not amenable to habeas review.") (relying upon Lopez v. Riley, 865 F.2d 30, 32 (2d Cir. 1989) (claims of error in a state grand jury proceeding, including insufficiency of evidence

and the prosecutor's failure to present exculpatory evidence, were not are cognizable in a habeas corpus proceeding) (citing United States v. Mechanik, 475 U.S. 66, 70 (1986) ("[T]he petit jury's subsequent guilty verdict means not only that there was probable cause to believe that the defendants were guilty as charged, but also that they are in fact guilty as charged beyond a reasonable doubt. Measured by the petit jury's verdict, then, any error in the grand jury proceeding connected with the charging decision was harmless beyond a reasonable doubt.")).

In keeping with the weight of authority in this Circuit, this Court concludes that Boyde's claim regarding prosecutorial misconduct in the grand jury presentation is not a basis for federal habeas relief. See, e.g., Lloyd v. Walker, 771 F. Supp. 570, 576-77 (E.D.N.Y. 1991) ("Having admitted to the factual basis of the charges against him upon entering a plea of guilty, any error in the proceeding which led to his indictment is . . . rendered harmless, and is not a cognizable claim in a federal habeas proceeding.") (internal citation omitted)).

### 2. Failure to Move for Severance of the Indictment from a Deceased Co-Defendant

Boyde's contention that trial counsel erroneously failed to move for severance relates to an event prior to the guilty plea that did not affect the voluntariness of the plea. Therefore, habeas review of it is foreclosed. See, e.g., Hayes v. Tracy, No. 03CV5237(SLT), 2005 WL 486912, at *6 n. 7 (E.D.N.Y. Jan. 11, 2005) (denying review of ineffective assistance claim based on

failure to file a motion to sever because, inter alia, it was "irrelevant in light of Petitioner's guilty plea") (citing United States v. Brown, 870 F.2d 1354, 1360 (7th Cir. 1989) ("A guilty plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt. While a motion for severance is granted to avoid the taint of prejudice which may occur when two or more defendants are joined in the same trial, that concern is simply erased when a defendant pleads guilty.") (citation omitted)).

Moreover, Petitioner has not demonstrated that he lost some advantage by counsel not filing the motion to sever, or that it was unreasonable for counsel to choose not to prolong pre-trial motion practice given that Boyde had been offered such an advantageous plea bargain. See Tollett v. Henderson, 411 U.S. at 268 ("Often the interests of the accused are not advanced by challenges that would only delay the inevitable date of prosecution . . . A prospect of plea bargaining, the expectation or hope of a lesser sentence, or the convincing nature of the evidence against the accused are considerations that might well suggest the advisability of a guilty plea without elaborate consideration of whether pleas in abatement . . . might be factually supported.").

### 3. Failure to Properly Estimate Petitioner's Sentencing Exposure

Boyde contends that trial counsel erroneously informed him that his sentencing exposure, if he were found guilty after trial,

was 20 to 40 years to life. According to Boyde, his maximum sentencing exposure was 15 years with no potential for a life sentence or consecutive sentencing. Respondent calculates Boyde's sentencing exposure–without any enhancements based upon predicate felony convictions–as a maximum of 36 years. Thus, Respondent argues, trial counsel's estimate was reasonable and cannot be considered professionally deficient.

Boyde does not explain how he arrived at his sentencing calculation. As noted above, Boyde was charged with 19 criminal counts, including class C, D, and E felonies. See N.Y. Penal Law §§ 70.00(2)(c), (d), (e); 175.10 (falsifying business records in the first degree, a class E felony); 176.25 (insurance fraud in the second degree, a class C felony); & 176.20 (insurance fraud in the third degree, a class D felony).

For a conviction on a class C felony, the maximum term Boyde could have received was 15 years; for a class D felony conviction, 7 years; and for a class E felony conviction, 4 years. N.Y. Penal Law § 70.00(2)(c), (d), (e). For class C, D, and E felony convictions, the minimum period could not be less than one year nor more than one-third of the maximum term imposed. N.Y. Penal Law § 70.00(3)(b). Thus, Boyde's estimate of a potential maximum of 15 years if convicted on all of the counts in the indictment is not possible, even if consecutive sentences were not imposed.

Furthermore, as Respondent points out, Boyde's estimated maximum does not take into account any potential sentence

enhancements under New York's persistent felony offender sentencing scheme, the possibility of which was discussed during plea negotiations. If the trial court had determined Boyde warranted sentencing as a persistent felony offender, the court could have imposed class A-1 felony sentences, which carry a minimum sentence of 15 years to life. See N.Y. Penal Law § 70.10(2). Thus, it was not erroneous for counsel to advise Boyde that there was the potential for a maximum life term. Because Boyde cannot demonstrate deficient performance by counsel, there is no need to address the prejudice prong of Strickland. See Strickland, 466 U.S. at 697.

**C.   Insufficient Factual Allocution**

Boyde contends that his factual allocution during the guilty plea was insufficient to satisfy due process. However, the United States Constitution does not require a factual inquiry before a court may accept a defendant's guilty plea. Willbright v. Smith, 745 F.2d 779, 780 (2d Cir. 1984) ("[D]ue process does not mandate a factual basis inquiry by state courts . . . .") (citing, inter alia, McCarthy v. United States, 394 U.S. 459, 465 418 (1969)); accord Hill v. West, 599 F. Supp.2d 371, 388 (W.D.N.Y. 2009). As the Second Circuit explained in Willbright, it is Rule 11 of the Federal Rules of Criminal Procedure, "not due process, that requires federal courts to conduct a factual inquiry before accepting a guilty plea." 745 F.2d at 780; see also Ames v. New York State Div. of Parole, 772 F.2d 13, 15 (2d Cir.1985) ("The

State court's [guilty plea] inquiry did not have to be patterned after Fed. R. Crim. P. 11.").

It is beyond dispute that habeas relief under 28 U.S.C. § 2254(a) is only available for a violation of a petitioner's rights under the United States Constitution. Boyde, however, has failed to establish that an error of federal constitutional magnitude occurred during the trial judge's conduct of the plea allocution.

### D. Failure to Hold a Hearing for Petitioner to Challenge His Second Felony Offender Status

Respondent has mischaracterized Boyde's allegations as stating he was entitled to an evidentiary hearing on his status as a persistent felony offender under N.Y. PENAL LAW § 70.10. Respondent argues that this contention is moot, as Boyde never was adjudicated as a persistent felony offender and did not receive a persistent felony offender sentence.

Review of Boyde's reply memorandum of law clarifies that he instead is arguing that the prosecutor erroneously attributed three prior felony convictions to him for purposes of adjudicating him a second felony offender. In New York, a second felony offender is defined as a "a person . . . , who stands convicted of a felony defined in this chapter, other than a class A-I felony, after having previously been subjected to one or more predicate felony convictions[.]" N.Y. PENAL LAW § 70.06(1). Thus, "[t]he second-offender statute is something of a misnomer because it applies to defendants with one or more prior felony convictions.

Repeat felons with two or more felony convictions can, therefore, be sentenced under the second offender statute." Griffin v. Mann, 156 F.3d 288, 290 (2d Cir. 1998) (internal citation omitted).

For purposes of determining whether a prior conviction is a "predicate felony conviction," the following criteria apply: First, the conviction "must have been in [New York] of a felony, or in any other jurisdiction of an offense for which a sentence to a term of imprisonment in excess of one year or a sentence of death was authorized and is authorized in this state irrespective of whether such sentence was imposed[.]" N.Y. PENAL LAW § 70.06(1)(b)(i). Second, the sentence for such predicate felony conviction "must have been imposed before commission of the present felony[.]" N.Y. PENAL LAW § 70.06(1)(b)(ii).

According to Boyde, the prosecutor erroneously cited in the predicate felony information two felony convictions for grand larceny; one in 1987 and one in 1988. Boyde asserts that these convictions actually arose from "the same case, which was disposed of in 1988." Petitioner's Reply Memorandum of Law ("Pet'r Reply") at 22.

Boyde also asserts that the "predicate felony utilized for the 'second' offender status at sentence, Criminal Possession and Attempted Sale of a Controlled Substance in the Third Degree in 1998, was pled down to an 'A' misdemeanor and therefore, was no felony at all." Pet'r Reply at 22 (citing Petitioner's NYSID Report and Pre-Sentence Investigation Report). Thus, according to Boyde,

his sole predicate felony was for third degree grand larceny in 1988.

Boyde contends that the trial court should have <u>sua sponte</u> ordered an evidentiary hearing so that he could present a challenge to enhancement of his sentence based upon a crime which did not qualify as a predicate felony. <u>Id.</u> Although under C.P.L. § 400.21, the trial court must, as part of the preliminary examination of a defendant, "ask him or her whether he or she wishes to controvert any allegation made therein." N.Y. CRIM. PROC. LAW § 400.21(3). Boyde has not directed the Court to any caselaw standing for the proposition that such an obligation falls on the trial court or federal constitutional law. It is well-established that mere errors of state law do not warrant habeas relief. <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991) ("[H]abeas corpus relief does not lie for errors of state law." (citations omitted)). At most, Boyde has asserted an error of state statutory law; he has not raised an issue of federal constitutional magnitude.

Moreover, the burden is on the defendant to raise a timely objection, for once the predicate felony conviction has been identified by the prosecutor in the predicate felony statement, "the defendant is fully able to assert whatever reason he might have for believing that such conviction may not be used to enhance his sentence." <u>People v. Sullivan</u>, 153 A.D.2d 223, 233, 550 N.Y.S.2d 358, 364 (App. Div. 2d Dept. 1990) (collecting cases). New York courts hold that when the defendant fails to raise an

objection, and when, as a result, the legality of the sentence cannot be determined by the appellate court on the record, review as a matter of law should be denied. Id. Indeed, the second felony offender sentencing statute in New York provides that "[u]ncontroverted allegations in the statement shall be deemed to have been admitted by the defendant." N.Y. CRIM. PROC. LAW § 400.21(3).

Boyde, who was represented by counsel at sentencing, did not controvert the allegations in the predicate felony statement. Thus, Boyde cannot now challenge the trial judge's reliance on a conviction that he did not contest at sentencing. Delston v. New York, No. 07-CV-4373 (JFB), 2010 WL 3004591, at *10 (E.D.N.Y. July 29, 2010) ("Delston remained mute at sentencing, and did not challenge the prior sentence. . . .Indeed, the second felony offender sentencing statute in New York provides that "[u]ncontroverted allegations in the statement shall be deemed to have been admitted by the defendant." N.Y. CRIM. PROC. LAW § 400.21(3).") (citing People v. Sullivan, 550 N.Y.S.2d at 364 and, inter alia, Phelps v. McLellan, 95 Civ. 7868, 1998 WL 470511, at *1 (S.D.N.Y. Aug. 11, 1998) ("[B]ecause the judge involved in the 1985 Conviction determined that Petitioner had a predicate felony conviction by virtue of the 1981 Conviction, and because Petitioner did not contest the validity of the 1981 Conviction at the time of his sentencing at the 1985 Conviction, Petitioner is precluded from

disputing the validity of the 1981 Conviction in the instant [petition]" arising from his 1988 conviction.)).

## V. Conclusion

For the foregoing reasons, Thomas V. Boyde, IV's request for a writ of habeas corpus is denied and the petition (Docket No. 1) is dismissed. Petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability shall not issue. 28 U.S.C. § 2253(c)(2). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R.App.P. 24(a)(3), that any appeal from this Decision and Order would not be taken in good faith and therefore the Court denies leave to appeal as a poor person from this Decision and Order. Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

DATED:   October 26, 2011
         Rochester, New York